UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PAULINE GREEN,

                        Plaintiff,

     -against-

VOCATIONAL INSTRUCTION PROJECT
COMMUNITY SERVICES, INC.,
DANA COLEMAN, individually,
MELISSA MYERS, individually, and
YERLINA DOMINQUEZ, individually,

                        Defendants.
------------------------------------------------------------------X

Civil Case No:

Plaintiff Demands
a Jury Trial

**COMPLAINT**

Plaintiff PAULINE GREEN, by and through her attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC., DANA COLEMAN, individually, MELISSA MYERS, individually, and YERLINA DOMINQUEZ, individually, upon information and belief, as follows:

## NATURE OF CASE

1. Plaintiff PAULINE GREEN (hereinafter referred to as "Plaintiff" and/or "GREEN") complains pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), New York State Executive Law § 296, and New York City Administrative Code § 8, that Defendants unlawfully terminated Plaintiff's employment because of Plaintiff's gender and sexual orientation, together with hostile work environment and retaliation.

## JURISDICTION & VENUE

2. This Court has federal question jurisdiction over the Title VII claim pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the related New York State law and New York City law causes of action asserted in this complaint pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) because the events or omissions which gave rise to the claims asserted herein occurred within this Court's jurisdiction.

5. On or about February 9, 2017, Plaintiff filed a charge of discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"). (ATTACHMENT A).

6. On or about April 18, 2017, in response to Plaintiff's request, the EEOC issued a Notice of Right to Sue on Plaintiff's request. (ATTACHMENT B).

7. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## PARTIES

8. Plaintiff GREEN is an individual, lesbian woman who is a citizen of New York State, County of Queens.

9. At all times material, VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC., ("VIP COMMUNITY SERVICES") was and is a nonprofit organization duly existing by the virtue and laws of the State of New York.

10. At all times material, DANA COLEMAN ("COLEMAN") was and is an employee of VIP COMMUNITY SERVICES and held supervisory authority over

Plaintiff.

11. At all times material, MELISSA MYERS ("MYERS") was and is an employee of VIP COMMUNITY SERVICES and held supervisory authority over Plaintiff.

12. At all times material, YERLINA DOMINQUEZ ("DOMINQUEZ") was and is an employee of VIP COMMUNITY SERVICES and held supervisory authority over Plaintiff.

13. At all times material, the above named Defendants (hereinafter referred to collectively as "Defendants") employed Plaintiff.

## STATEMENT OF FACTS

14. On or about June 6, 2016, Defendants hired Plaintiff as a Program Manager.

15. At all times material, Plaintiff was an exceptional employee and an outstanding leader.

16. Plaintiff frequently wore a button-up dress shirt and dress pants to work. Occasionally, on very hot days, Plaintiff wore a V-neck, short sleeve silk shirt.

17. Defendants permit their employees to wear button-up dress shirts, dress pants, and V-neck short sleeve silk shirts.

18. In or around August of 2016, Defendants' Supervisor COLEMAN informed Plaintiff that Defendants' Human Resource Generalist MYERS did not approve of Plaintiff's work attire. Specifically, a Nylon Calvin Klein V-neck top.

19. Plaintiff immediately told Defendants' Supervisor COLEMAN that MYERS'S disapproval "is clearly because of my sexual orientation" and "the tops that I wear are perceived totally different on traditional feminine females."

20. Thereafter, Defendants' Supervisor COLEMAN arranged a meeting with herself, Plaintiff, and Defendants' Human Resource Generalist DOMINQUEZ to discuss

Plaintiff's attire.

21. At the meeting, Defendants' Human Resource Generalist DOMINQUEZ told Plaintiff that Plaintiff's attire — specifically, the Nylon Calvin Klein top — was "unacceptable in the office during the formal work week."

22. Plaintiff was shocked by the draconian reprimand. Other female co-workers wore the exact same top without any retaliation or intimidation. Again, Plaintiff expressed her frustration with the discriminatory reprimand.

23. In the meeting, Plaintiff expressed her concerns that she was being singled out as a lesbian and a cross dresser for wearing a top that many of her female coworkers wore. Defendants' Human Resource Generalist DOMINQUEZ told Plaintiff "maybe you should avoid wearing it Monday through Thursday and just wear it on [casual] Friday."

24. Upon information and belief, Defendants did not restrict the clothing choices of heterosexual employees.

25. Upon information and belief, no heterosexual women were reprimanded for how they dressed.

26. Plaintiff was extremely saddened by Defendants' discriminatory dress-code.

27. In or around September of 2016, Defendants' Human Resource Generalist DOMINQUEZ was seen wearing the same shirt Plaintiff was told not to wear.

28. Throughout the Fall of 2016, many other of Defendants' female employees freely wore similar shirts to the shirt Plaintiff was forbidden to wear.

29. In or around October of 2016, Defendants' Supervisor COLEMAN demanded that Plaintiff meet with herself and Defendants' Human Resource Generalist MYERS. During the meeting, Defendants demanded that Plaintiff "smile more." Defendants demanded Plaintiff "smile more" because (i) Plaintiff was a lesbian women and (ii) in

retaliation for speaking out against Defendants' discriminatory reprimands. Plaintiff complied with Defendants' demand and "smiled more."

30. Upon information and belief, no heterosexual employees were told to "smile more."

31. On or about December 12, 2016, Defendants terminated Plaintiff because of Plaintiff's gender and sexual orientation and in retaliation for Plaintiff reporting Defendants' on-going disparate treatment.

32. Defendants provided Plaintiff with a false non-discriminatory reason for the termination and told Plaintiff she did not "smile enough."

33. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendants.

34. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

35. As a result of Defendants' actions, Plaintiff was and is extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

36. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

37. Plaintiff hereby claims actual discharge and demands reinstatement.

38. The above are just some of the examples of unlawful, discriminatory, and retaliatory conduct to which Defendants subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

39. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

40. Title VII states in relevant part as follows:

   "(a) Employer practices:

   It shall be an unlawful employment practice for an employer:

   (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

41. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

42. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by terminating and otherwise discriminating against Plaintiff as set forth herein because of Plaintiff's gender.

## AS A SECOND CAUSE OF ACTION FOR
## DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

44. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . .

discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

45. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

### AS A THIRD CAUSE OF ACTION UNDER STATE LAW
### DISCRIMINATION

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this amended complaint as if set forth herein more fully at length.

47. New York State Executive Law § 296 provides that: "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

48. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's gender and sexual orientation.

### AS A FOURTH CAUSE OF ACTION UNDER STATE LAW
### AIDING & ABETTING

49. Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this complaint.

50. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

51. Defendants violated the section cited herein as set forth.

### AS A FIFTH CAUSE OF ACTION UNDER STATE LAW
### RETALIATION

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

53. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

54. Defendants violated the section cited herein as set forth.

### AS A SIXTH CAUSE OF ACTION UNDER THE NEW YORK CITY
### ADMINISTRATIVE CODE DISCRIMINATION

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

56. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment

such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

57. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her gender and sexual orientation.

## AS A SEVENTH CAUSE OF ACTION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE RETALIATION

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

59. The New York City Administrative Code Title 8, § 8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

60. Defendants violated the section cited herein as set forth.

## AS A EIGHTH CAUSE OF ACTION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE INTERFERENCE WITH PROTECTED RIGHTS

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. New York City Administrative Code Title § 8-107(19) provides that: "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to

this section."

63. Defendants violated the section cited herein as set forth.

### AS A NINTH CAUSE OF ACTION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### SUPERVISOR LIABILITY

64. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. New York City Administrative Code Title 8 § 8-107 (13)(b)(1)-(3) provides that "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where…(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

66. Defendants violated the section cited herein as set forth.

### AS A TENTH CAUSE OF ACTION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### AIDING & ABETTING

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68. New York City Administrative Code Title § 8-107 (6) provides that "It shall be an

unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

69. Defendants violated the section cited herein as set forth.

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendants jointly and severally for all available damages including but not limited to emotional distress, lost wages, back pay, front pay, punitive damages, statutory damages, attorneys' fees, costs, medical expenses, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated: May 10, 2017
    New York, New York

Very truly yours,
**DEREK SMITH LAW GROUP, PLLC**

By: _/s/ Alexander G. Cabeceiras_
Alexander G. Cabeceiras, Esq.
30 Broad Street, 35th Floor
New York, New York 10004
(212) 587-0760
alexc@dereksmithlaw.com
